[Cite as *Cleveland v. Bucey*, 2015-Ohio-107.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101477

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**RONALD BUCEY**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2014 TRD 012964

**BEFORE:** Boyle, P.J., Celebrezze, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 15, 2015

**FOR APPELLANT**

Ronald Bucey, pro se
2002 Holmden Avenue
Cleveland, Ohio   44109

**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
Director of Law
BY:   Victor R. Perez
Chief Prosecutor
Jonathan L. Cudnik
Assistant City Prosecutor
City of Cleveland
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Ronald Bucey, appeals his conviction for making a restricted U-turn in a business district. He raises two issues for our review, arguing that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Finding no merit to his appeal, we affirm.

Procedural History and Factual Background

{¶2} On March 5, 2014, Bucey was cited for making a restricted U-turn in a business district, in violation of Cleveland Codified Ordinance ("CCO") 431.12(c). He pleaded not guilty, and the case proceeded to a bench trial where the following evidence was presented.

{¶3} Higinio Rivera, a police officer for the city of Cleveland, testified that around midnight on March 5, 2014, he and his partner were driving west on Lorain Avenue in Cleveland, Ohio. When they were near West 48th Street on Lorain Avenue, they saw Bucey, who had also been traveling west on Lorain Avenue in a Ford truck, make a U-turn in front of Steve's Hot Dogs and begin traveling east on Lorain Avenue. When Bucey made the U-turn, Officer Rivera said that Bucey's vehicle and Officer Rivera's police car passed each other. When they passed each other, Officer Rivera said that Bucey "looked right over at us as we kind of locked eye contact with him." Officer Rivera said that when they passed Bucey, he was wearing a Cleveland Indians red and blue jacket, had a beard, and had his hair "tied back." Officer Rivera said that there was no one else in the Ford truck with Bucey.

{¶4} Officer Rivera testified that he and his partner turned around to initiate a traffic stop and Bucey "took off at a high rate of speed" and "turned right on West 48th and Lorain, and pulled into a school driveway." When Officer Rivera and his partner reached the Ford truck, there was no one inside the truck. Officer Rivera said that Bucey was "hiding." When asked

"[w]hat was traffic like, if you recall," Officer Rivera responded that "traffic was clear."[1]

{¶5}    On cross-examination, Bucey asked Officer Rivera why he wrote on the citation that traffic was "moderate" when "at midnight, on Tuesday, * * * there [was] nobody outside, except for the company [truck] and the police [car]" on the road at that time.    Officer Rivera never answered the question on cross-examination (due to objections by the city and discussions between the court and Bucey).

{¶6}    Officer Rivera explained on redirect-examination that Steve's Hot Dogs is in a "very busy business district" and is a very busy place at all hours of the night.

{¶7}    Bucey testified on his own behalf.    Bucey stated that he was not driving the Ford truck, nor did he make a U-turn on Lorain Avenue.    Bucey explained that the truck was "a company truck" and Richard Brown was driving the truck and made the U-turn.    According to Bucey, when Brown pulled into the school parking lot on West 48th Street, Brown ran away because there was an outstanding warrant for his arrest.    Bucey further explained that Brown would not come to court to testify for Bucey because Brown still had a warrant out for his arrest.

{¶8}    The court asked Bucey why he was not in his car when Officer Rivera and his partner reached them in the school parking lot.    Bucey never really answered the question, but did say that he walked around a bus to see where Brown was going.

{¶9} The trial court found Bucey guilty of making a restricted U-turn in a business district.    It sentenced Bucey to a $100 fine and costs and then suspended his fine, but not the costs.    It is from this judgment that Bucey appeals.

<u>Sufficiency of the Evidence</u>

{¶10} In his first assignment of error, Bucey argues that his conviction was not supported

---

[1]On the citation, Officer Rivera checked the box "moderate" under the heading "traffic."

by sufficient evidence.

**{¶11}** "'[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), citing *Black's Law Dictionary* 1433 (6th Ed.1990). When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶12}** Bucey argues that he made a safe U-turn, with no traffic or pedestrians around at the time. Bucey maintains that because Officer Rivera testified that "traffic was clear," the city did not prove that he made an unsafe U-turn. He claims that because there was no traffic, his U-turn was legal under CCO 431.12(c).

**{¶13}** CCO 431.12(c), titled "'U' Turns Restricted," provides:

> No vehicle shall be turned so as to proceed in the opposite direction within an intersection, or upon any street in a business district, or upon a freeway, expressway or controlled-access highway, or where authorized signs are erected to prohibit such movement, or at any other location unless such movement can be made with reasonable safety to other users of the street and without interfering with the safe operation of any traffic that may be affected by such movement.

**{¶14}** The state presented evidence, through Officer Rivera's testimony, that Bucey made a U-turn in front of Steve's Hot Dogs, which is in a business district. Although Officer Rivera testified that "traffic was clear," his police vehicle was traveling west on Lorain Avenue, behind Bucey when he made the U-turn. Thus, there was at least one other car, the police cruiser, on the road when Bucey made the U-turn. This is sufficient evidence to establish that the U-turn could not be made with reasonable safety to other users of the street.

**{¶15}** Accordingly, Bucey's first assignment of error is overruled.

<u>Manifest Weight of the Evidence</u>

**{¶16}** In his second assignment of error, Bucey argues that his conviction was against the manifest weight of the evidence.

**{¶17}** Unlike sufficiency of the evidence, a challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. *Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541. Because it is a broader review, a reviewing court may determine that a judgment of a trial court is sustained by sufficient evidence, but nevertheless conclude that the judgment is against the weight of the evidence. *Id.*, citing *State v. Robinson*, 162 Ohio St. 486, 487, 124 N.E.2d 148 (1955).

**{¶18}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as a "thirteenth juror." *Id.* In doing so, it must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "'whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶19}** Bucey again argues that because Officer Rivera testified that "traffic was clear," that his conviction is against the manifest weight of the evidence. He further claims that Officer Rivera's credibility was at issue because he later changed his testimony to state that traffic was moderate. We disagree.

**{¶20}** Officer Rivera did not change his testimony. Officer Rivera was simply explaining that Steve's Hot Dogs is in a busy business district and is a very busy place at all hours of the night. He did not change his testimony that traffic was clear.

**{¶21}** After review, we find that Bucey's conviction was not against the manifest weight of the evidence. The trial court, as the factfinder, was free to believe Officer Rivera over Bucey. And as we stated in the previous assignment of error, the fact that Officer Rivera's vehicle was behind Bucey's vehicle when Bucey made the U-turn, a fact that Bucey himself acknowledged, establishes that Bucey's conviction is not against the manifest weight of the evidence. The ordinance prohibits U-turns in a business district unless the U-turn can be accomplished with reasonable safety to other uses of the roadway; Officer Rivera would be such a user. Accordingly, this case is not the "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387.

**{¶22}** Bucey's second assignment of error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR